Blandford, J.
1. There were two sons of the name of John Yon, both residing is Calhoun county, Florida, both of whom sent consignments of cotton to a certain factor at Columbus, Georgia. One of these persons was a colored man, residing near Ocheesee and Blount’s Town, and all of his consignments were sent from those points and Adkins landing; all his letters to the factors were mailed from Blounts Town and Ocheesee, and in the course of their dealings all remittances to him were sent by steamer to those places. The other person of the same name was a white man, who lived near Iola, eighty miles below Ocheesee, on the Apalachicola river. The factor did not know that there were two persons of the same name, but supposed there was only one. The plaintiff wrote to the factor from Ocheesee to close out his consignment *113 • and send him an account of sales. The factor closed out the consignments and forwarded the amount due both John Yons, by steamer, to John Yon, Iola, Florida. The steamer was lost before reaching either Ochéesee or Iola. The factor advised John Yon, of Ocheesee, of the loss of the boat and money, and at the same time suggested that the owners of the boat were liable to him and that he (the factor) would assist him in getting the money from them. He made a demand on the owners of the boat for payment, and upon its refusal, brought suit against the factor. The evidence was not conflicting. A verdict was rendered for the plaintiff, and a new trial was granted.
McNeill & Levy, for plaintiff in error.
Peabody, Brannon & Battle ; W. A. Little, for defendant.
Held, that this was error. The facts demanded the verdict. There being no express authority to remit the money by boat, it could be implied from the usual course of dealings between the parties; but the factor was bound to follow the course of such dealings, and to make the remittance to the plaintiff as usual. When, instead, he sent the money to another person at a different place, the remittance was withojit authority, and the loss fell upon him.
2. There was no acquiescence or ratification on the part of the plaintiff which destroyed bis right against the defendant. Acquies•cence goes for nothing so long as a man continues in the same situation he was in at the date of the transaction. 17 Yesey 25; Coop., 201; 4 .Bead,, 401; Kerr, Fraud and Mistake, 301.
Judgment reversed.